**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LUCILLE WHELLER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. |
| v. | : | |
| | : | |
| **UNIVERSITY HOSPITALS HEALTH** | : | |
| **SYSTEM,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DECLARATION OF INNA SHELLEY IN SUPPORT OF
## NOTICE OF REMOVAL OF CIVIL ACTION

I, Inna Shelley, declare and state as follows:

1.      I am an associate with the law firm of Littler Mendelson, P.C., and a counsel of record for Defendant University Hospitals Health System ("Defendant"). I am admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration.

2.      On or about June 10, 2019, Plaintiff Lucille Wheller ("Wheller" or "Plaintiff") filed a Complaint ("Complaint") in the Cuyahoga County Court of Common Pleas against Defendant captioned *Lucille Wheller v. University Hospitals Health System*, Case No. CV-19-916580 ("State Court Action"). A true and accurate copy of the Complaint and Summons that was served upon Defendant is attached as **Exhibit A**.

3.      On or about June 14, 2019, Plaintiff, through his counsel, caused a copy of the Summons and Complaint to be served on Defendant. True and accurate copies of the return mailer, and the notation confirming completed service on June 14, 2019 on the Court's Case Information page are in **Exhibits B1 and B2** respectively.

4.      After the Court granted a stipulated request for leave for Defendant to answer, On August 12, 2017, Defendant Answered Plaintiff's Complaint. A true and accurate copy of the Court's Order granting leave to plead is in **Exhibit C1**, and Defendant's answer is in **Exhibit C2**.

5.      On October 24, 2019, the parties filed a Joint Motion for a Stipulated Protective Order and Clawback Agreement, a true and accurate copy of which is in **Exhibit D1**, to govern confidential documents in discovery. A true and accurate copy of the Court's October 28, 2019 Order granting the motion and entering the Stipulated Protective Order and Clawback Agreement is in **Exhibit D2**.

6.      As the parties conducted written discovery, the Court scheduled and held telephonic status conferences on August 20, 2019, November 19, 2019, and January 30, 2020 and thereafter entered orders stating discovery is ongoing and scheduling the next status conference. After the most recent conference on January 30, 2020, the Court entered an order setting a pretrial conference for April 7, 2020. A true and accurate copy of the Court Docket is in **Exhibit E1**, and true and accurate copies of August 20, 2019, November 19, 2019, and January 28, 2020, and January 30, 2020 conference scheduling orders are in **Exhibit E2**.

7.      On or about February 5, 2020, Plaintiff filed an Unopposed Motion for Leave to File *Instanter* a First Amended Complaint, a true and accurate copy of which is in **Exhibit F**. On or about February 6, 2020, the Court granted Plaintiff's Motion for Leave and ordered Plaintiff to file the First Amended Complaint on or before February 14, 2020, a true and accurate copy of which Order is in **Exhibit G**. Pursuant to this Order, Plaintiff filed her First Amended Complaint on February 6, 2020. A true and correct copy of Plaintiff's First Amended Complaint is attached as **Exhibit H**.

8.      On or about February 6, 2020, Defendant received service of Plaintiff's First Amended Complaint through the Court's electronic filing system, a true and accurate copy of which is in **Exhibit I**.

9.      The Summons and Complaint and the First Amended Complaint in **Exhibits A and H** constitute all process and pleadings served upon the Defendant in the State Court Action. **Exhibits D, E1, E2, and G** are true and accurate copies of Orders served on Defendant's counsel, entering the Parties' Stipulated Protective Order and Clawback Agreement, setting consecutive status conferences, including the latest telephonic case management conference for April 7, 2020, and granting the leave to file Plaintiff's First Amended Complaint adding federal law claims. An examination of the State Court's docket in the State Court Action, a true and accurate copy of which is in **Exhibit E1**, discloses that these are the only orders served upon Defendant in the State Court Action. To the best of my knowledge, no other proceedings have been conducted or scheduled in the State Court Action.

10.     Notice of this removal is being filed with the State Court pursuant to 28 U.S.C. §1446(d) and Stephan Voudris and Christopher Sams, counsel of record for Plaintiff Lucille Wheller, the adverse party, is being provided with service of the same. A true and accurate copy of Defendants' Notice of Filing Notice of Removal of Civil Action to United States District Court and certificate of service is attached hereto as "**Exhibit J**."

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct. Executed this 7th day of February, 2020.

/s/ *Inna Shelley*
Inna Shelley

4837-4743-0836.1 089661.1010

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV19916580 | D1 FX | 38895125 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

LUCILLE WHELLER **PLAINTIFF**
VS
UNIVERSITY HOSPITALS HEALTH SYSTEM **DEFENDANT**

## SUMMONS

UNIVERSITY HOSPITALS HEALTH SYSTEM
3605 WARRENSVILLE CENTER ROAD
SHAKER HEIGHTS OH 44122

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

CHRISTOPHER M. SAMS
8401 CHAGRIN RD #8

CHAGRIN FALLS, OH 44023-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

NANCY A FUERST
Do not contact judge. Judge's name is given for
attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas



Deputy

| DATE SENT |
|---|
| Jun 10, 2019 |

By

COMPLAINT FILED   06/10/2019

SN130



EXHIBIT

A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**June 10, 2019 15:00**

By: CHRISTOPHER M. SAMS 0093713

Confirmation Nbr. 1733190

LUCILLE WHELLER                              CV 19 916580

  vs.

UNIVERSITY HOSPITALS HEALTH SYSTEM    **Judge:** NANCY A. FUERST

**Pages Filed:  4**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| LUCILLE WHELLER<br>5859 Sequoia Ct.<br>Mentor, OH 44060 | )<br>)<br>) | Civil Action No.: |
| | ) | Judge: |
| Plaintiff, | )<br>) | |
| | ) | |
| v. | )<br>) | |
| UNIVERSITY HOSPITALS HEALTH<br>SYSTEM | )<br>) | |
| 3605 Warrensville Center Road<br>Shaker Heights, OH 44122 | )<br>) | **COMPLAINT FOR DISABILITY**<br>**DISCRIMINATION** |
| | ) | |
| Defendant. | ) | <u>**JURY DEMAND ENDORSED HEREON**</u> |

Plaintiff Lucille Wheller ("Wheller") alleges as follows for her Complaint against

Defendant University Hospitals Health System ("Defendant"):

1.      Wheller worked for Defendant in Cuyahoga County, Ohio.

2.      Defendant conducted business in Cuyahoga County, Ohio.

3.      This Court has subject matter and personal jurisdiction over the claims raised in

this Complaint.

4.      Venue is proper in Cuyahoga County, Ohio.

5.      Wheller has suffered damages in excess of $50,000.

6.      Wheller has hired the undersigned counsel and has agreed to pay them reasonable

attorney's fees and costs if they are successful on one or more of the claims set forth herein.

7.      Wheller worked for Defendant as a Clinical Application Analyst from July 2016

until Defendant terminated her employment in March 2019.

8.      Wheller suffers from physical impairments that substantially limit one or more

major life activities.

9.      Defendant was aware of Wheller's disabilities.

10.     Wheller has a record of physical impairments.

11.     Defendant regarded Wheller as having physical impairments.

12.     Wheller was qualified for her job as a Clinical Application Analyst.

13.     Wheller required a knee replacement surgery and a second surgery to repair her ACL. She also broke her ulna and tore numerous ligaments, which required reconstructive surgery to repair her elbow and ligaments.

14.     Wheller could perform the essential functions of her job as a Clinical Application Analyst with the reasonable accommodation of her being permitted a short leave of absence due to her disabilities and by Defendant holding her job open for her during this leave.

15.     Wheller requested a short leave due to her disabilities.

16.     Wheller requested these accommodations in about December 2018.

17.     Less than one week after Wheller informed Defendant that she would need a short leave of absence, Defendant put her on a Performance Improvement Plan ("PIP").

18.     Defendant put Wheller on this PIP because she requested a short leave of absence due to her physical impairments.

19.     For her knee replacement, Wheller requested a twelve-week leave of absence, but Defendant told her that it would not accommodate such a leave because she had been hospitalized in February 2018 for pancreatitis, which required Wheller to take about two weeks of leave.

20.     Wheller's Manager, Michelle Bambauer ("Bambauer"), also told Wheller that she was worried that Wheller "wouldn't be able to keep up when coming back from leave" and that they had concerns that Wheller would "not remember her job" after twelve weeks of leave.

21.     Defendant denied certain requests for leave that Wheller made due to her physical impairments.

22.     Defendant also told Wheller that they would refuse to provide her with any leave of absence if she requested to have it during a "GoLive," which was an event scheduled for April 5, 2019.

23.     Defendant terminated Wheller's employment on March 4, 2019.

24.     While terminating her, Bambauer explicitly told Wheller that her employment was being terminated "due to all of [her] afflictions."

25.     Defendant terminated Wheller's employment because of her disabilities, because of her record of being disabled, or because Defendant perceived Wheller as disabled.

26.     In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendant discriminated against Wheller because of her disability, because of her record of being disabled, or because of perceived disabilities.

27.     Wheller was qualified for her job.

28.     Wheller could perform the essential functions of her job with a reasonable accommodation.

29.     Wheller suffered an adverse employment action when Defendant refused to reasonably accommodate her disability and then terminated her employment.

30.     Wheller has been damaged by Defendant's disability discrimination.

31.     Defendant's conduct is the cause of Wheller's damages.

32.     Defendant acted with actual malice, entitling Wheller to punitive damages and her attorney's fees and costs.

WHEREFORE, Wheller demands judgment against Defendant for her lost wages, reinstatement or front pay, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*



June 16,2019

Dear Customer:

The following is the proof-of-delivery for tracking number **787789308060**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Mailroom |
| **Signed for by:** | E.BROGDEN | **Delivery location:** | 3605 WARRENSVILLE CENTER RD |
| | | | SHAKER HEIGHTS, OH 44122 |
| **Service type:** | FedEx Express Saver | **Delivery date:** | Jun 14, 2019 09:24 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 787789308060 | **Ship date:** | Jun 11, 2019 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

| **Recipient:** | **Shipper:** |
|---|---|
| UNIVERSITY HOSPITALS HEALTH SYSTEM | CCoC |
| 3605 WARRENSVILLE CENTER ROAD | 1200 Ontario |
| SHAKER HEIGHTS, OH 44122 US | Cleveland, OH 44113 US |
| **Reference** | CV19916580 |
| **Invoice number** | 38895125 |

Thank you for choosing FedEx.



EXHIBIT
B1

Print

# CASE INFORMATION

## CV-19-916580 LUCILLE WHELLER vs. UNIVERSITY HOSPITALS HEALTH SYSTEM

### Service

| Party Role | Name | Service Description | Sent Date | Response | Response Date |
|---|---|---|---|---|---|
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 07/08/2019 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 07/08/2019 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 07/08/2019 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 08/12/2019 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 08/12/2019 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 08/12/2019 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 10/24/2019 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 10/24/2019 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 10/24/2019 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 02/05/2020 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 02/05/2020 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 02/05/2020 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 02/06/2020 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 02/06/2020 | | |
| P(1) | LUCILLE WHELLER | E-FILING SERVICE EMAIL | 02/06/2020 | | |
| D(1) | UNIVERSITY HOSPITALS HEALTH SYSTEM | SUMS COMPLAINT FEDERAL EXPRESS | 06/11/2019 | COMPLETED | 06/14/2019 |
| D(1) | UNIVERSITY HOSPITALS HEALTH SYSTEM | E-FILING SERVICE EMAIL | 08/12/2019 | | |
| D(1) | UNIVERSITY HOSPITALS HEALTH SYSTEM | E-FILING SERVICE EMAIL | 10/24/2019 | | |
| D(1) | UNIVERSITY HOSPITALS HEALTH SYSTEM | E-FILING SERVICE EMAIL | 02/05/2020 | | |
| D(1) | UNIVERSITY HOSPITALS HEALTH SYSTEM | E-FILING SERVICE EMAIL | 02/05/2020 | | |
| D(1) | UNIVERSITY HOSPITALS HEALTH SYSTEM | E-FILING SERVICE EMAIL | 02/06/2020 | | |
| D(1) | UNIVERSITY HOSPITALS HEALTH SYSTEM | E-FILING SERVICE EMAIL | 02/06/2020 | | |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

Website Questions or Comments.

Copyright © 2020 PROWARE. All Rights Reserved. 1.1.232





109426208

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

LUCILLE WHELLER
    Plaintiff

Case No: CV-19-916580

Judge: NANCY A FUERST

UNIVERSITY HOSPITALS HEALTH SYSTEM
    Defendant

## JOURNAL ENTRY

PURSUANT TO THE 7/8/19 STIPULATION, DEFT UNIVERSITY HOSPITALS HEALTH SYSTEM, INC. IS GRANTED LEAVE UNTIL AND INCLUDING 8/12/19 TO RESPOND TO PLTF'S COMPLAINT.

*Nafuerst*

Judge Signature            07/08/2019



07/08/2019

RECEIVED FOR FILING
07/08/2019 14:12:35
NAILAH K. BYRD, CLERK

Page 1 of 1



## NAILAH K. BYRD
## CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

### ANSWER OF...
August 12, 2019 10:34

By: JAMES P. SMITH 0073945

Confirmation Nbr. 1786140

LUCILLE WHELLER                              CV 19 916580

     vs.

UNIVERSITY HOSPITALS HEALTH SYSTEM     **Judge:** NANCY A. FUERST

Pages Filed: 12



## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

LUCILLE WHELLER,                          :
                                          :
            Plaintiff,                    :
                                          :        Case No. CV 19 916580
      v.                                  :
                                          :        Judge Nancy A. Fuerst
UNIVERSITY HOSPITALS HEALTH               :
SYSTEM,                                   :
                                          :
            Defendant.                    :
                                          :
                                          :

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant University Hospitals Health System, Inc. (hereinafter "University Hospitals," "UH," or "Defendant"), by and through undersigned counsel, and for its answer to Plaintiff's Complaint states as follows:

1.      Wheller worked for Defendant in Cuyahoga County, Ohio.

**ANSWER:**    Defendant admits the allegations in Paragraph 1 of the Complaint.

2.      Defendant conducted business in Cuyahoga County, Ohio.

**ANSWER:**    Defendant admits the allegations in Paragraph 2 of the Complaint.

3.      This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

**ANSWER:**    Defendant admits that this Court has personal jurisdiction over the parties to this action. Defendant denies any and all remaining allegations set forth in Paragraph 3 of the Complaint.

4.     Venue is proper in Cuyahoga County, Ohio.

**ANSWER:**   Defendant admits that Plaintiff purports that the events giving rise to her claims in this case took place in Cuyahoga County. Defendant denies any and all remaining allegations in Paragraph 4 of the Complaint.

5.     Wheller has suffered damages in excess of $50,000.

**ANSWER:**   Defendant denies the allegations in Paragraph 5 of the Complaint.

6.     Wheller has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

**ANSWER:**   Defendant admits Plaintiff is represented by undersigned counsel in this action. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore denies them.

7.     Wheller worked for Defendant as a Clinical Application Analyst from July 2016 until Defendant terminated her employment in March 2019.

**ANSWER:**   Defendant admits it employed Plaintiff as a Clinical Application Analyst II from about July 19, 2016 until her termination on or about March 4, 2019. Defendant denies any and all remaining allegations set forth in Paragraph 7 of the Complaint.

8.     Wheller suffers from physical impairments that substantially limit one or more major life activities.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9.      Defendant was aware of Wheller's disabilities.

**ANSWER:**    Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Wheller has a record of physical impairments.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11.     Defendant regarded Wheller as having physical impairments.

**ANSWER:**    Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Wheller was qualified for her job as a Clinical Application Analyst.

**ANSWER:**    Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Wheller required a knee replacement surgery and a second surgery to repair her ACL. She also broke her ulna and tore numerous ligaments, which required reconstructive surgery to repair her elbow and ligaments.

**ANSWER:**    Defendant admits that Plaintiff applied for and was approved for a medical leave of absence for an ACL reconstruction surgery, and that later, Plaintiff applied for and was approved for FMLA leave. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and therefore denies them.

14.     Wheller could perform the essential functions of her job as a Clinical Application Analyst with the reasonable accommodation of her being permitted a short leave of absence due to her disabilities and by Defendant holding her job open for her during this leave.

**ANSWER:**    Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Wheller requested a short leave due to her disabilities.

**ANSWER:** Defendant admits that Plaintiff applied for and was approved for a medical leave of absence, and applied for and was approved for multiple FMLA leaves of absence during her employment with Defendant. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. Wheller requested these accommodations in about December 2018.

**ANSWER:** Defendant admits that Plaintiff requested FMLA leave in about December 2018. Defendant denies any and all remaining allegations set forth in Paragraph 16 of the Complaint.

17. Less than one week after Wheller informed Defendant that she would need a short leave of absence, Defendant put her on a Performance Improvement Plan ("PIP").

**ANSWER:** Defendant admits Plaintiff was placed on a Performance Improvement Plan. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant put Wheller on this PIP because she requested a short leave of absence due to her physical impairments.

**ANSWER:** Defendant denies the allegations in Paragraph 18 of the Complaint.

19. For her knee replacement, Wheller requested a twelve-week leave of absence, but Defendant told her that it would not accommodate such a leave because she had been hospitalized in February 2018 for pancreatitis, which required Wheller to take about two weeks of leave.

**ANSWER:** Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     Wheller's Manager, Michelle Bambauer ("Bambauer"), also told Wheller that she was worried that Wheller "wouldn't be able to keep up when coming back from leave" and that they had concerns that Wheller would "not remember her job" after twelve weeks of leave.

**ANSWER:**     Defendant denies the allegations in Paragraph 20 of the Complaint.


21.     Defendant denied certain requests for leave that Wheller made due to her physical impairments.

**ANSWER:**     Defendant denies the allegations in Paragraph 21 of the Complaint.


22.     Defendant also told Wheller that they would refuse to provide her with any leave of absence if she requested to have it during a "GoLive," which was an event scheduled for April 5, 2019.

**ANSWER:**     Defendant denies the allegations in Paragraph 22 of the Complaint.


23.     Defendant terminated Wheller's employment on March 4, 2019.

**ANSWER:**     Defendant admits the allegations in Paragraph 23 of the Complaint.


24.     While terminating her, Bambauer explicitly told Wheller that her employment was being terminated "due to all of [her] afflictions."

**ANSWER:**     Defendant denies the allegations in Paragraph 24 of the Complaint.


25.     Defendant terminated Wheller's employment because of her disabilities, because of her record of being disabled, or because Defendant perceived Wheller as disabled.

**ANSWER:**     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendant discriminated against Wheller because of her disability, because of her record of being disabled, or because of perceived disabilities.

**ANSWER:**     Defendant denies the allegations in Paragraph 26 of the Complaint.


27.     Wheller was qualified for her job.

**ANSWER:**     Defendant denies the allegations in Paragraph 27 of the Complaint.


28.     Wheller could perform the essential functions of her job with a reasonable accommodation.

**ANSWER:**     Defendant denies the allegations in Paragraph 28 of the Complaint.


29.     Wheller suffered an adverse employment action when Defendant refused to reasonably accommodate her disability and then terminated her employment.

**ANSWER:**     Defendant denies the allegations in Paragraph 29 of the Complaint.


30.     Wheller has been damaged by Defendant's disability discrimination.

**ANSWER:**     Defendant denies the allegations in Paragraph 30 of the Complaint.


31.     Defendant's conduct is the cause of Wheller's damages.

**ANSWER:**     Defendant denies the allegations in Paragraph 31 of the Complaint.


32.     Defendant acted with actual malice, entitling Wheller to punitive damages and her attorney's fees and costs.

**ANSWER:**     Defendant denies the allegations in Paragraph 32 of the Complaint.

33.    Defendant asserts that the allegations contained in unnumbered paragraph that follows paragraph 32 of the Complaint (the "WHEREFORE" clause) constitute legal conclusions for which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in the WHEREFORE clause. Further answering, Defendant denies that Plaintiff is entitled to any of the damages or relief requested in her Complaint.

34.    Defendant denies every allegation and averment contained in Plaintiff's Complaint that is not specifically admitted in this Answer.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.    Plaintiff's Complaint fails to state one or more claims upon which relief can be granted.

2.    Some or all of Plaintiff's claims are barred in whole or in part by the applicable statutory and/or contractual limitations periods.

3.    Plaintiff's claims are barred and/or damages are limited by the doctrine of after-acquired evidence.

4.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, consent, release, ratification and/or unclean hands.

5.    Defendant's actions were, at all times, governed by legitimate, non-discriminatory good faith business considerations that were consistent with applicable law, and not based on any unlawful factors. Accordingly, even if there was discriminatory animus present (and there was not), the same decision would have been made with respect to Plaintiff's alleged employment – irrespective of such animus.

6.    Plaintiff's claims are barred due to Plaintiff's misrepresentation(s) and/or failure to disclose material facts.

7.  Plaintiff's claims are barred because she failed to exhaust the various administrative procedures and/or remedies.

8.  Plaintiff is not a qualified individual with a disability.

9.  Plaintiff's claims for disability discrimination are barred because Plaintiff was not perceived or regarded as having a disability, Plaintiff had no record of a disability.

10.  Plaintiff's claims for disability discrimination are barred because Plaintiff was unable to perform the essential functions of the job, with or without reasonable accommodation.

11.  Defendant alleges that Plaintiff's injuries and/or damages, if any, were solely, directly and proximately caused by Plaintiff's own actions or inactions and were not caused by Defendant, its agents, representatives and/or employees.

12.  Plaintiff was at all times treated in a manner consistent with other similarly situated employees.

13.  Except as expressly admitted herein, Defendant denies that Plaintiff's allegations are true. In any event, Defendant can only be held liable for the actions of its employees that occurred in the scope of their employment. Defendant is not liable under the doctrine of respondeat superior for the actions of third parties or the actions of its employees that are outside of the scope of their employment.

14.  Plaintiff's damages, if any, are limited and/or foreclosed by Plaintiff's failure to reasonably mitigate damages.

15.  To the extent that Plaintiff has received income from other employment and other sources, such monies obtained subsequent to Plaintiff's employment with Defendant must be offset against any damages allegedly due to Plaintiff from Defendant.

16.  Plaintiff's damages, if any, are speculative and remote, and thus are barred.

17.     Plaintiff's Complaint and each of its claims fails to state any facts sufficient for recovery of attorneys' fees, costs, or other litigation expenses.

18.     There is no factual or legal basis for injunctive or equitable relief against Defendant.

19.     Any actions Defendant took regarding Plaintiff were in good faith and for legitimate, non-discriminatory reasons, in accordance with company internal policies, and not taken wantonly or with malice, bad faith, or reckless indifference to Plaintiff's protected rights, and Defendant had reasonable grounds for believing its actions did not violate any law. Defendant did not willfully violate any laws with respect to its treatment of Plaintiff, negating Plaintiff's entitlement to punitive damages.

20.     Plaintiff is not entitled to punitive damages because such damages violate Defendant's federal and state constitutional rights to procedural and substantive due process and the constitutional right to be protected from excessive fines.

21.     Plaintiff's state law claims are subject to the provisions of O.R.C. § 2315.18-21 (Ohio Tort Reform), including but not limited to the provisions regarding bifurcation of any punitive damages claim, the caps on damages, and evidence regarding alleged punitive damages.

22.     Plaintiff was employed on an at-will basis.

23.     Plaintiff's claims fail, in whole or in part, because Defendant met any obligation under applicable law it may have had to reasonably accommodate Plaintiff and/or engage in the interactive process with Plaintiff.

24.     To the extent Plaintiff is claiming a failure to accommodate Plaintiff, Plaintiff's claim is barred for failing to provide notice to Defendant regarding the need for such accommodation, for failing to engage in the interactive process, because Plaintiff was not entitled to an accommodation, because any such accommodation would pose an undue hardship on

Defendant, because a reasonable accommodation was unavailable, and/or because Plaintiff's request for accommodation is barred by the statute, applicable regulations, and/or case law.

25.    Plaintiff's claims are barred by the honest belief rule.

26.    Defendant did not, and could not with the exercise of reasonable diligence, know of the alleged discrimination asserted by Plaintiff. Plaintiff never reported any unlawful discrimination.

27.    Plaintiff's alleged disability was not the but-for cause of any of the adverse employment actions alleged in the Complaint.

28.    There was no causal nexus between Plaintiff's leave request or disability and any alleged adverse employment action.

29.    The same decision regarding Plaintiff's employment would have been made regardless of Plaintiff's leave request and/or alleged disability.

30.    Any injury, damage or loss which may have been sustained by Plaintiff was proximately caused by Plaintiff's own misconduct and other conduct justifying termination, or the misconduct of another, and not by any act or omission of Defendant. Alternatively, because Plaintiff's own misconduct is greater than any act or omission of Defendant, any amount which Plaintiff might be entitled to recover against Defendant must be reduced by the amount of damages attributable to Plaintiff's own misconduct.

31.    Plaintiff's claims for relief are barred to the extent the requested remedies are beyond those allowed by applicable law.

32.    Plaintiff's claimed emotional distress, if any, was proximately caused by factors other than Plaintiff's employment, Defendant's actions, or the actions of anyone acting on Defendant's behalf.

33.     Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert additional affirmative defenses, if any and to the extent that such affirmative defenses are applicable.

## PRAYER FOR RELIEF BASED ON DEFENDANT'S ANSWER AND DEFENSES

WHEREFORE, Defendant University Hospitals Health System, Inc. requests that judgment be granted in its favor and against Plaintiff in the following manner:

1.      That Plaintiff's Complaint be dismissed in its entirety and with prejudice;

2.      That Plaintiff be ordered to pay Defendant's reasonable attorneys' fees and costs incurred in defending this action; and

3.      That Defendant be awarded such other relief as the Court may deem appropriate.

Respectfully submitted,

*/s/ James P. Smith*
James P. Smith (0073945)
jpsmith@littler.com
Inna Shelley (0085719)
ishelley@littler.com
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH 44114
Telephone: 216.696.7600
Facsimile: 216.696.2038

Attorneys for Defendant
UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2019, a true and correct copy of the foregoing *Defendant's Answer to Plaintiff's Complaint* was electronically filed using the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.

/s/ *James P. Smith*
James P. Smith

One of the Attorneys for Defendant
UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.

FIRMWIDE:165912180.1 089661.1010
8/6/19

Motion No. <u>4820912</u>



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION FOR...**
October 24, 2019 16:24

By: INNA SHELLEY 0085719

Confirmation Nbr. 1851523

| | |
|---|---|
| LUCILLE WHELLER | CV 19 916580 |
| vs. | |
| UNIVERSITY HOSPITALS HEALTH SYSTEM | Judge: NANCY A. FUERST |

Pages Filed:  15



## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **LUCILLE WHELLER,** : | |
| : | |
| Plaintiff, : | |
| : | Case No. CV-19-916580 |
| v. : | |
| : | Judge Nancy A. Fuerst |
| **UNIVERSITY HOSPITALS HEALTH** : | |
| **SYSTEM,** : | |
| : | |
| Defendant. : | |
| : | |

## JOINT MOTION FOR STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT

NOW COME Plaintiff Lucille Wheller and Defendant University Hospitals Health System, Inc. (collectively "the Parties"), by and through counsel, and respectfully submit this Joint Motion for Stipulated Protective Order and Clawback Agreement, and request that the Court enter an Order regarding the confidential treatment of information produced in discovery related to the above-captioned action. In support of their Motion, the Parties state as follows:

1.     The Parties desire to maintain the confidentiality of documents or other materials produced in this case which contain, or which could lead to the disclosure of, confidential medical, personnel, commercial or other proprietary information.

2.     The Parties have conferred and have agreed to the terms of a Protective Order that the Parties believe will accomplish their goal of maintaining the confidentiality of this information. Attached hereto as Exhibit A is the proposed Stipulated Protective Order for the Court's consideration.

WHEREFORE, the Parties respectfully request that the Court grant this Joint Motion for

Stipulated Protective Order and enter the attached Stipulated Protective Order.

Respectfully submitted,

| | |
|---|---|
| /s/ *Stephan I. Voudris (per email consent)* | /s/ *Inna Shelley* |
| Stephan I. Voudris (0055795) | James P. Smith (0073945) |
| Christopher M. Sams (0093713) | Inna Shelley (0085719) |
| Voudris Law LLC | LITTLER MENDELSON, P.C. |
| 8401 Chagrin Road, Suite 8 | 1100 Superior Avenue, 20th Floor |
| Chagrin Falls, OH 44023 | Cleveland, Ohio 44114 |
| (440) 543-0670 | (216) 696-7600 |
| (440) 543-0721 – fax | (216) 696-2038 (Fax) |
| svoudris@voudrislaw.com | jpsmith@littler.com |
| csams@voudrislaw.com | ishelley@littler.com |
| | |
| Attorneys for Plaintiff, | Attorneys for Defendant, |
| LUCILLE WHELLER | UNIVERSITY HOSPITALS HEALTH SYSTEM, INC. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2019, a true and correct copy of the foregoing was electronically filed using the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.

/s/ Inna Shelley

Inna Shelley

One of the Attorneys for Defendant

4832-1695-4026.1 089661.1010

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

LUCILLE WHELLER,                    :
:
      Plaintiff,                   :
:     Case No. CV-19-916580
  v.                                :
:     Judge Nancy A. Fuerst
UNIVERSITY HOSPITALS HEALTH          :
SYSTEM,                             :
:
      Defendant.                   :
:
:

## STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT

The parties to this Stipulated Protective Order have agreed to the terms of this Order,

Accordingly, it is ORDERED:

1.    **Scope.** All documents produced in this case, including, but not limited to, all responses to discovery requests and documents produced in response thereto, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosures for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this Court and the Ohio Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Form and Timing of Designations.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation.



EXHIBIT

A

Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.     **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential, including but not limited to: personal information; medical or psychiatric information; protected health information; trade secrets; personnel records; financial information; proprietary business information; customer information; confidential business information; and business strategies.

Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4.     **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

5.     **Protection of Confidential Material.**

a.     **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other person identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

b.   **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

(1)   **Counsel.** Counsel for the parties, including in-house counsel, designated insurance representatives for the parties, and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2)   **Parties.** Parties and employees of a party to this Order;

(3)   **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4)   **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and/or trial of the this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound; and

(5)   **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c.   **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order.

        d.      **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents providing these indices, as electronic databases or lists do not contain substantial portions or images of the text of CONFIDENTIAL documents or otherwise disclose the substance of the confidential information contained in those documents.

        e.      **Inadvertent Production.** Inadvertent production of any document or information without a designation of CONFIDENTIAL shall not operate as a waiver of the designation provided that the Party who made the inadvertent production had taken reasonable steps to prevent disclosure and immediately upon discovery designates the document as CONFIDENTIAL. The treatment of inadvertently produced CONFIDENTIAL material in a manner inconsistent with this Order prior to notice of the inadvertent production is not a breach of this agreement or a violation of this Order.

    6.      **Filing of CONFIDENTIAL Documents under Seal.**

        a.      To the extent that a party discusses or refers to the contents of any documents marked as CONFIDENTIAL in a written brief, motion or other pleading filed with the Court, then the entire motion, brief or other pleading and all exhibits thereto shall be filed with the Clerk under seal.

        b.      To the extent that the materials to be filed under seal exceed the limitations for electronic filing or cannot otherwise be filed electronically, they may be manually

filed with the Court. A copy of any manually filed materials also shall be delivered to the judicial officer's chambers.

      c.      Before a CONFIDENTIAL document is manually filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

      7.      **Challenges by a Party to Designation as CONFIDENTIAL.** Any CONFIDENTIAL designation is subject to challenge by any party or non-party with standing to object (hereinafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and nature of the agreement.

      8.      **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion under the Local Rules and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

      9.      **Use of CONFIDENTIAL Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any

document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least thirty (30) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

       10.    **Obligations on Conclusion of Litigation.**

          a.    **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment, and is not subject to further appeal.

          b.    **Return of CONFIDENTIAL Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

c.     **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11.     **Protection of Privileged and Otherwise Protected Documents.** The parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

a.     The disclosure or production by a party of any document or information subject to a legally recognized claim of privilege, including, without limitation, the attorney-client privilege, physician patient privilege, and the work-product doctrine shall in no way constitute the voluntary disclosure of such document.

b.     The inadvertent disclosure or production of any document this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c.     If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(1)     the receiving party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;  (ii) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (iii) specifically identify the

Protected Documents by Bates number range or hash value, and, (iv) within ten (10) days of discovery by the receiving party, return or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be returned or destroyed, they shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product Protected Documents.

(2)  If the producing party intends to assert a claim of privilege or other protection over documents identified by the receiving party as Protected Documents, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Ohio Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

d.  If, during the course of this litigation, a party determines it has produced a Protected Document:

(1)  the producing party may notify the receiving party of such inadvertent production in writing, and demand the return of such documents. However, such

notice may be delivered orally on the record at a deposition, promptly followed by a written notice. The producing party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Ohio Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(2)    The receiving party must, within five (5) days of receiving the producing party's written notification described above, return or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

e.    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs 11 (c)(2) and d(1), then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

f.      The receiving party's return, sequestration or destruction of Protected Documents as provided herein will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that:

(1)      the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(2)      the disclosure of the Protected Documents was not inadvertent;

(3)      the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(4)      the producing party failed to take reasonable or timely steps to rectify the error.

g.      Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the Protected Documents until such claim is resolved. Until the claim is resolved, the receiving party may not use the Protected Documents for any purpose absent an Order of this Court.

h.      Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within seven (7) days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

i.      Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

12.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 11 and the presiding judge's standing orders or other relevant orders.

13.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designed CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(C) of the Ohio Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*SO ORDERED.*

_____

The Honorable Nancy A. Fuerst

## ATTACHMENT A

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

LUCILLE WHELLER,                    :
                                    :
          Plaintiff,                :
                                    :        Case No. CV-19-916580
     v.                             :
                                    :        Judge Nancy A. Fuerst
UNIVERSITY HOSPITALS HEALTH         :
SYSTEM,                             :
                                    :
          Defendant.                :
                                    :
                                    :

     The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms

thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the

Cuyahoga County Court of Common Pleas in matters relating to the Protective Order and

understands that the terms of the Protective Order obligate him/her to use documents designated

CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned

action, and not to disclose any such documents or information derived directly therefrom to any

other person, firm or concern.

     The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Signature: _____  Date: _____

4827-0937-7706.1 089661.1010



110956023

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

LUCILLE WHELLER
    Plaintiff

Case No: CV-19-916580

Judge: NANCY A FUERST

UNIVERSITY HOSPITALS HEALTH SYSTEM
    Defendant

## JOURNAL ENTRY

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT, FILED 10/24/2019, IS GRANTED.

STIPULATED PROTECTIVE ORDER...OSJ.

_Nafuerr_ 10/28/19

Judge Signature        Date

2019 OCT 28 P 2: 56
CLERK OF COURTS
CUYAHOGA COUNTY
FILED



EXHIBIT
D2

10/25/2019

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

LUCILLE WHELLER,                           :

              Plaintiff,                    :

                                           :        Case No. CV-19-916580

       v.                                  :

                                           :        Judge Nancy A. Fuerst

UNIVERSITY HOSPITALS HEALTH                :
SYSTEM,                                    :

              Defendant.                   :

                                           :

## STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT

The parties to this Stipulated Protective Order have agreed to the terms of this Order,

Accordingly, it is ORDERED:

1.      **Scope.** All documents produced in this case, including, but not limited to, all

responses to discovery requests and documents produced in response thereto, all deposition

testimony and exhibits, other materials which may be subject to restrictions on disclosures for

good cause and information derived directly therefrom (hereinafter collectively "documents"),

shall be subject to this Order concerning confidential information as set forth below. As there is a

presumption in favor of open and public judicial proceedings in the federal courts, this Order

shall be strictly construed in favor of public disclosure and open proceedings wherever possible.

The Order is also subject to the Local Rules of this Court and the Ohio Rules of Civil Procedure

on matters of procedure and calculation of time periods.

2.      **Form and Timing of Designations.** A party may designate documents as

confidential and restricted in disclosure under this Order by placing or affixing the word

"CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the

document and that will permit complete removal of the CONFIDENTIAL designation.


EXHIBIT
A

Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.      **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential, including but not limited to: personal information; medical or psychiatric information; protected health information; trade secrets; personnel records; financial information; proprietary business information; customer information; confidential business information; and business strategies.

Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4.      **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

5.      **Protection of Confidential Material.**

        a.      **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other person identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

(1) **Counsel.** Counsel for the parties, including in-house counsel, designated insurance representatives for the parties, and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties.** Parties and employees of a party to this Order;

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4) **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and/or trial of the this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound; and

(5) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c. **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order.

d.  **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents providing these indices, as electronic databases, or lists do not contain substantial portions or images of the text of CONFIDENTIAL documents or otherwise disclose the substance of the confidential information contained in those documents.

e.  **Inadvertent Production.** Inadvertent production of any document or information without a designation of CONFIDENTIAL shall not operate as a waiver of the designation provided that the Party who made the inadvertent production had taken reasonable steps to prevent disclosure and immediately upon discovery designates the document as CONFIDENTIAL. The treatment of inadvertently produced CONFIDENTIAL material in a manner inconsistent with this Order prior to notice of the inadvertent production is not a breach of this agreement or a violation of this Order.

6.  **Filing of CONFIDENTIAL Documents under Seal.**

a.  To the extent that a party discusses or refers to the contents of any documents marked as CONFIDENTIAL in a written brief, motion or other pleading filed with the Court, then the entire motion, brief or other pleading and all exhibits thereto shall be filed with the Clerk under seal.

b.  To the extent that the materials to be filed under seal exceed the limitations for electronic filing or cannot otherwise be filed electronically, they may be manually

filed with the Court. A copy of any manually filed materials also shall be delivered to the judicial officer's chambers.

      c.     Before a CONFIDENTIAL document is manually filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

      7.    **Challenges by a Party to Designation as CONFIDENTIAL.** Any CONFIDENTIAL designation is subject to challenge by any party or non-party with standing to object (hereinafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and nature of the agreement.

      8.    **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion under the Local Rules and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

      9.    **Use of CONFIDENTIAL Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any

document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least thirty (30) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10.    **Obligations on Conclusion of Litigation.**

a.    **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment, and is not subject to further appeal.

b.    **Return of CONFIDENTIAL Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction ·as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

c.　**Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11.　**Protection of Privileged and Otherwise Protected Documents.** The parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

a.　The disclosure or production by a party of any document or information subject to a legally recognized claim of privilege, including, without limitation, the attorney-client privilege, physician patient privilege, and the work-product doctrine shall in no way constitute the voluntary disclosure of such document.

b.　The inadvertent disclosure or production of any document this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c.　If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(1)　the receiving party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (iii) specifically identify the

Protected Documents by Bates number range or hash value, and, (iv) within ten (10) days of discovery by the receiving party, return or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be returned or destroyed, they shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product Protected Documents.

(2)     If the producing party intends to assert a claim of privilege or other protection over documents identified by the receiving party as Protected Documents, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Ohio Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

d.     If, during the course of this litigation, a party determines it has produced a Protected Document:

(1)     the producing party may notify the receiving party of such inadvertent production in writing, and demand the return of such documents. However, such

notice may be delivered orally on the record at a deposition, promptly followed by a written notice. The producing party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Ohio Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(2)     The receiving party must, within five (5) days of receiving the producing party's written notification described above, return or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

e.     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs 11 (c)(2) and d(1), then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

f.      The receiving party's return, sequestration or destruction of Protected Documents as provided herein will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that:

(1)      the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(2)      the disclosure of the Protected Documents was not inadvertent;

(3)      the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(4)      the producing party failed to take reasonable or timely steps to rectify the error.

g.      Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the Protected Documents until such claim is resolved. Until the claim is resolved, the receiving party may not use the Protected Documents for any purpose absent an Order of this Court.

h.      Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within seven (7) days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

i.     Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

12.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 11 and the presiding judge's standing orders or other relevant orders.

13.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designed CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(C) of the Ohio Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*SO ORDERED.*

The Honorable Nancy A. Fuerst

**ATTACHMENT A**

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

LUCILLE WHELLER,                           :
                                           :
            Plaintiff,                     :
                                           :        Case No. CV-19-916580
    v.                                     :
                                           :        Judge Nancy A. Fuerst
UNIVERSITY HOSPITALS HEALTH                :
SYSTEM,                                    :
                                           :
            Defendant.                     :
                                           :

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms

thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the

Cuyahoga County Court of Common Pleas in matters relating to the Protective Order and

understands that the terms of the Protective Order obligate him/her to use documents designated

CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned

action, and not to disclose any such documents or information derived directly therefrom to any

other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Signature: _____     Date: _____

4827-0937-7706.1 089661.1010

EXHIBIT

E1

skip to main content

Print

# CASE INFORMATION

## CV-19-916580 LUCILLE WHELLER vs. UNIVERSITY HOSPITALS HEALTH SYSTEM

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 02/06/2020 | N/A | AN | ANSWER OF PLAINTIFF'S FIRST AMENDED COMPLAINT. STEPHAN I VOUDRIS (0055795) |  |
| 02/06/2020 | P1 | SF | DEPOSIT AMOUNT PAID CHRISTOPHER M. SAMS | |
| 02/06/2020 | P1 | CO | AMENDED COMPLAINT $75 PLAINTIFF'S FIRST AMENDED COMPLAINT | 🗎 |
| 02/06/2020 | N/A | JE | PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE INSTANTER A FIRST AMENDED COMPLAINT, FILED 02/05/2020, IS GRANTED. PLTF TO FILE AMENDED COMPLAINT ON OR BEFORE 2/14/2020. NOTICE ISSUED | 🗎 |
| 02/05/2020 | P1 | MO | MOTION FILED FOR P1 LUCILLE WHELLER PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE INSTANTER A FIRST AMENDED COMPLAINT 02/06/2020 - GRANTED | 🗎 |
| 01/30/2020 | N/A | JE | PRETRIAL HELD ON 01/30/2020. DISCOVERY IS ONGOING. PRETRIAL SET FOR 04/07/2020 AT 10:45 AM. DEFENSE COUNSEL HAS AGREED TO CIRCULATE CONFERENCE CALL INFORMATION TO THE COURT AND OPPOSING COUNSEL. NOTICE ISSUED | 🗎 |
| 01/30/2020 | N/A | SC | PRETRIAL PREVIOUSLY SCHEDULED FOR 01/30/2020 AT 11:15 AM IS RESCHEDULED FOR 01/30/2020 AT 01:30 PM (Notice Sent). | |
| 01/30/2020 | N/A | SC | PRETRIAL SCHEDULED FOR 01/30/2020 AT 11:15 AM IS CANCELLED. JUDGE: NANCY A FUERST (322) REASON: UNKNOWN . | |
| 01/28/2020 | N/A | JE | PRETRIAL PREVIOUSLY SCHEDULED FOR 01/29/2020 AT 10:15 AM IS RESCHEDULED FOR 01/30/2020 AT 11:15 AM. PLAINTIFF'S COUNSEL SHALL INITIATE CONFERENCE CALL AND CONTACT THE COURT AT (216) 443-8692 OR 8687.. NOTICE ISSUED | 🗎 |
| 01/27/2020 | N/A | SC | PRETRIAL SCHEDULED FOR 01/29/2020 AT 10:15 AM IS CANCELLED. JUDGE: NANCY A FUERST (322) REASON: UNKNOWN . | |
| 11/19/2019 | N/A | JE | PRETRIAL HELD ON 11/19/2019. DISCOVERY IS ONGOING. PRETRIAL SET FOR 01/29/2020 AT 10:15 AM. PLAINTIFF'S COUNSEL SHALL INITIATE CONFERENCE CALL AND CONTACT THE COURT AT (216) 443-8687. NOTICE ISSUED | 🗎 |
| 10/28/2019 | N/A | JE | JOINT MOTION FOR STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT, FILED 10/24/2019, IS GRANTED. STIPULATED PROTECTIVE ORDER...OSJ. NOTICE ISSUED | 🗎 |
| 10/24/2019 | D1 | MO | MOTION FILED FOR D1 UNIVERSITY HOSPITALS HEALTH SYSTEM JOINT MOTION FOR STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT 10/28/2019 - GRANTED | 🗎 |
| 08/20/2019 | N/A | JE | CMC BY PHONE HELD ON 08/20/2019. DISCOVERY IS ONGOING. PRETRIAL SET FOR 11/19/2019 AT 10:30 AM. PRETRIAL BY PHONE. PLTF COUNSEL TO INITIATE CONFERENCE CALL AND CONTACT COURT AT 216-443-8687 OR 8692. NOTICE ISSUED | 🗎 |
| 08/12/2019 | D1 | AN | ANSWER FILED BY D1 UNIVERSITY HOSPITALS HEALTH SYSTEM DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT | 🗎 |
| 07/25/2019 | N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR VOUDRIS/STEPHAN/I 07/25/2019 17:05:06 | |
| 07/25/2019 | N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR SAMS/CHRISTOPHER/M. 07/25/2019 17:05:06 | |
| 07/25/2019 | N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR SHELLEY/INNA/ 07/25/2019 17:05:06 | |
| 07/25/2019 | N/A | SC | CMC BY PHONE SET FOR 08/20/2019 AT 09:30 AM. PLAINTIFF'S COUNSEL SHALL | |

| | | | |
|---|---|---|---|
| | | | INITIATE CONFERENCE CALL AND CONTACT THE COURT AT (216) 443-8692 OR 8687. PARTIES SHALL BE PREPARED TO DISCUSS DISCOVERY AND SCHEDULING MATTERS. |
| 07/08/2019 | N/A | JE | PURSUANT TO THE 7/8/19 STIPULATION, DEFT UNIVERSITY HOSPITALS HEALTH SYSTEM, INC. IS GRANTED LEAVE UNTIL AND INCLUDING 8/12/19 TO RESPOND TO PLTF'S COMPLAINT. NOTICE ISSUED |
| 07/08/2019 | D1 | OT | STIPULATION FOR LEAVE TO PLEAD FILED STIPULATION FOR LEAVE TO PLEAD OR OTHERWISE ANSWER PLAINTIFF'S COMPLAINT |
| 06/16/2019 | N/A | SR | FEDEX RECEIPT NO. 38895125 DELIVERED BY FEDEX 06/14/2019 UNIVERSITY HOSPITALS HEALTH SYSTEM PROCESSED BY COC 06/16/2019. |
| 06/10/2019 | N/A | SR | SUMMONS E-FILE COPY COST |
| 06/10/2019 | D1 | CS | WRIT FEE |
| 06/10/2019 | D1 | SR | SUMS COMPLAINT(38895125) SENT BY FEDERAL EXPRESS. TO: UNIVERSITY HOSPITALS HEALTH SYSTEM 3605 WARRENSVILLE CENTER ROAD SHAKER HEIGHTS, OH 44122 |
| 06/10/2019 | N/A | SF | JUDGE NANCY A FUERST ASSIGNED (RANDOM) |
| 06/10/2019 | P1 | SF | LEGAL RESEARCH |
| 06/10/2019 | P1 | SF | LEGAL NEWS |
| 06/10/2019 | P1 | SF | LEGAL AID |
| 06/10/2019 | P1 | SF | COURT SPECIAL PROJECTS FUND |
| 06/10/2019 | P1 | SF | COMPUTER FEE |
| 06/10/2019 | P1 | SF | CLERK'S FEE |
| 06/10/2019 | P1 | SF | DEPOSIT AMOUNT PAID VOUDRIS LAW LLC |
| 06/10/2019 | N/A | SF | CASE FILED: COMPLAINT |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
Website Questions or Comments.
Copyright © 2020 PROWARE. All Rights Reserved. 1.1.232



110033224

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

LUCILLE WHELLER
    Plaintiff

Case No: CV-19-916580

Judge: NANCY A FUERST

UNIVERSITY HOSPITALS HEALTH SYSTEM
    Defendant

## **JOURNAL ENTRY**

CMC BY PHONE HELD ON 08/20/2019.
DISCOVERY IS ONGOING.
PRETRIAL SET FOR 11/19/2019 AT 10:30 AM. PRETRIAL BY PHONE. PLTF COUNSEL TO INITIATE CONFERENCE
CALL AND CONTACT COURT AT 216-443-8687 OR 8692.

_Nafuerst_

_____
Judge Signature                08/20/2019



08/20/2019

RECEIVED FOR FILING
08/20/2019 16:29:24
NAILAH K. BYRD, CLERK

Page 1 of 1



111274203

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

LUCILLE WHELLER
    Plaintiff

UNIVERSITY HOSPITALS HEALTH SYSTEM
    Defendant

Case No: CV-19-916580

Judge: NANCY A FUERST

## JOURNAL ENTRY

PRETRIAL HELD ON 11/19/2019.
DISCOVERY IS ONGOING.
PRETRIAL SET FOR 01/29/2020 AT 10:15 AM.  PLAINTIFF'S COUNSEL SHALL INITIATE CONFERENCE CALL AND
CONTACT THE COURT AT (216) 443-8692 OR 8687.

_Nafuerst_
_____
Judge Signature        11/19/2019

11/19/2019



112216493

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

LUCILLE WHELLER
    Plaintiff

Case No: CV-19-916580

Judge: NANCY A FUERST

UNIVERSITY HOSPITALS HEALTH SYSTEM
    Defendant

## JOURNAL ENTRY

PRETRIAL PREVIOUSLY SCHEDULED FOR 01/29/2020 AT 10:15 AM IS RESCHEDULED FOR 01/30/2020 AT 11:15 AM.
PLAINTIFF'S COUNSEL SHALL INITIATE CONFERENCE CALL AND CONTACT THE COURT AT (216) 443-8692 OR 8687.

*Nafuerst*

Judge Signature        01/28/2020

01/27/2020



112276409

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

LUCILLE WHELLER
    Plaintiff

Case No: CV-19-916580

Judge: NANCY A FUERST

UNIVERSITY HOSPITALS HEALTH SYSTEM
    Defendant

## <u>JOURNAL ENTRY</u>

PRETRIAL HELD ON 01/30/2020.
DISCOVERY IS ONGOING.
PRETRIAL SET FOR 04/07/2020 AT 10:45 AM.  DEFENSE COUNSEL HAS AGREED TO CIRCULATE CONFERENCE CALL
INFORMATION TO THE COURT AND OPPOSING COUNSEL.

*Nafuerst*

Judge Signature       01/30/2020

01/30/2020

Motion No.  <u>4845082</u>



## NAILAH K. BYRD
## CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

### MOTION FOR...
### February 5, 2020 16:04

By: CHRISTOPHER M. SAMS 0093713

Confirmation Nbr. 1935920

LUCILLE WHELLER                                    CV 19 916580

    vs.

UNIVERSITY HOSPITALS HEALTH SYSTEM        Judge:  NANCY A. FUERST

Pages Filed:  12



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| LUCILLE WHELLER | ) | CASE NO.: CV-19-916580 |
| | ) | |
| Plaintiff, | ) | JUDGE:  NANCY A. FUERST |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH | ) | |
| SYSTEM | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE *INSTANTER*
A FIRST AMENDED COMPLAINT**

Pursuant to 15(A) of the Ohio Rules of Civil Procedure, Plaintiff Lucille Wheller

("Plaintiff") respectfully requests that this Court grant her leave to file *instanter* a First Amended

Complaint ("First Amended Complaint").  This Motion is not opposed by Defendant University

Hospitals Health System.

Plaintiff's First Amended Complaint is attached hereto, and if this Court grants Plaintiff's

Motion for Leave, Plaintiff requests that her First Amended Complaint be deemed filed as of the

date the Motion is granted to avoid the necessity of re-filing.

**I.      INTRODUCTION**

On June 10, 2019, Plaintiff filed a Complaint against Defendant University Hospitals

Health System.  Docket, Complaint (filed June 10, 2019).  Since the filing of the Complaint,

Plaintiff has received a right to sue letter from the EEOC and subsequently filed a second

lawsuit, against University Hospitals Health System, Inc. within 90 days of receiving this Right

to Sue letter, on January 9, 2020.  Cuyahoga County Court of Common Pleas Case No.

CV-20-927614. Plaintiff wishes to amend her Complaint in this matter to include her federal claims and to accurately reflect Defendant's name as "University Hospitals Health System, Inc." If this Motion is granted, Plaintiff will promptly dismiss her other action. Defendant does not oppose this motion.

## II.    LAW AND ARGUMENT

Ohio Rule of Civil Procedure 15(A) provides that courts "shall freely give leave when justice so requires." Moreover, Civ.R. 15(A) favors "a liberal amendment policy[.]" *Hoover v. Sumlin*, 12 Ohio St. 3d 1, 6 (1984), and "motions to amend are treated with favor and deference[.]" *Christ v. Konski*, 181 Ohio App. 3d 682, 685 (6th Dist. 1999).

"[A] motion for leave to amend should be granted absent a finding of bad faith, undue delay, or undue prejudice to the opposing party." *State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St. 3d 481, 487 (2012) (internal quotations and citations omitted). In considering a plaintiff's request for leave to amend, a trial court's "primary consideration is whether there is actual prejudice to the defendants because of the delay." *Jordan v. Cuyahoga Metro. Hous. Auth.*, 161 Ohio App. 3d 216, 220 (8th Dist. 2005). A party is generally not prejudiced when the trial court has yet to set a discovery deadline or a trial date. *See id.* at 223.

In case *sub judice*, Plaintiff is not seeking to amend her Complaint in bad faith or to cause delay in the proceedings. Defendant will not be prejudiced by this Court granting Plaintiff leave to file *instanter* a First Amendment Complaint, because Defendant does not oppose this Motion and granting this Motion will combine two separate but related actions into one, which benefits both Parties and saves judicial resources.

## III.  CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant her leave to file *instanter* a First Amended Complaint.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2020, the foregoing was filed via this

Court's Electronic Filing System, which shall serve notice upon counsel for Defendant.

/s/ Christopher M. Sams

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| LUCILLE WHELLER | ) | CASE NO.: CV-19-916580 |
| | ) | |
| Plaintiff, | ) | JUDGE: NANCY A. FUERST |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH | ) | |
| SYSTEM, INC. | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Lucille Wheller ("Wheller") alleges as follows for her First Amended Complaint

against Defendant University Hospitals Health System, Inc. ("Defendant"):

1.     Wheller worked for Defendant in Cuyahoga County, Ohio.

2.     Defendant conducted business in Cuyahoga County, Ohio.

3.     This Court has subject matter and personal jurisdiction over the claims raised in

this Complaint.

4.     Venue is proper in Cuyahoga County, Ohio.

5.     Wheller has suffered damages in excess of $50,000.

6.     Wheller has hired the undersigned counsel and has agreed to pay them reasonable

attorney's fees and costs if they are successful on one or more of the claims set forth herein.

7.     Wheller worked for Defendant as a Clinical Application Analyst from July 2016

until Defendant terminated her employment in March 2019.

8.     Wheller suffers from physical impairments that substantially limit one or more

major life activities.

9.     Defendant was aware of Wheller's disabilities.

10.    Wheller has a record of physical impairments.

11.    Defendant regarded Wheller as having physical impairments.

12.    Wheller was qualified for her job as a Clinical Application Analyst.

13.    Wheller required a knee replacement surgery and a second surgery to repair her ACL. She also broke her ulna and tore numerous ligaments, which required reconstructive surgery to repair her elbow and ligaments.

14.    Wheller could perform the essential functions of her job as a Clinical Application Analyst with the reasonable accommodation of her being permitted a short leave of absence due to her disabilities and by Defendant holding her job open for her during this leave.

15.    Wheller requested a short leave due to her disabilities through the Family and Medical Leave Act.

16.    Wheller requested these accommodations in about December 2018.

17.    Wheller was eligible for FMLA leave.

18.    Less than one week after Wheller informed Defendant that she would need a short leave of absence, Defendant put her on a Performance Improvement Plan ("PIP").

19.    Defendant put Wheller on this PIP because she requested a short leave of absence due to her physical impairments.

20.    For her knee replacement, Wheller requested a twelve-week leave of absence, but Defendant told her that it would not accommodate such a leave because she had been hospitalized in February 2018 for pancreatitis, which required Wheller to take about two weeks of leave.

21.    Wheller's Manager, Michelle Bambauer ("Bambauer"), also told Wheller that she was worried that Wheller "wouldn't be able to keep up when coming back from leave" and that they had concerns that Wheller would "not remember her job" after twelve weeks of leave.

22.     Defendant denied certain requests for leave that Wheller made due to her physical impairments.

23.     Defendant also told Wheller that they would refuse to provide her with any leave of absence if she requested to have it during a "GoLive," which was an event scheduled for April 5, 2019.

24.     Defendant terminated Wheller's employment on March 4, 2019.

25.     While terminating her, Bambauer explicitly told Wheller that her employment was being terminated "due to all of [her] afflictions."

26.     Defendant retaliated against Wheller for taking a short leave of absence.

27.     Defendant terminated Wheller's employment because of her disabilities and because she requested and took FMLA leave due to her disabilities.

28.     Wheller filed a Charge of Discrimination with the U.S. Equal Employment Opportunity alleging disability discrimination.

29.     Wheller received a Right to Sue letter from the EEOC and filed a lawsuit within 90 days of receiving her Right to Sue Letter.  Defendant has agreed not to assert any defenses that Plaintiff's ADA claims are not timely filed.

## COUNT I
## DISABILITY DISCRIMINATION
### Pursuant to the Ohio Revised Code

30.     Wheller re-alleges each allegation set forth in paragraphs 1-29 above.

31.     Defendant terminated Wheller's employment because of her disabilities, because of her record of being disabled, or because Defendant perceived Wheller as disabled.

32.     In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendant discriminated against Wheller because of her disability, because of her record of being disabled, or because of perceived disabilities.

33.     Wheller was qualified for her job.

34.     Wheller could perform the essential functions of her job with a reasonable accommodation.

35.     Wheller suffered an adverse employment action when Defendant refused to reasonably accommodate her disability and then terminated her employment.

36.     Wheller has been damaged by Defendant's disability discrimination.

37.     Defendant's conduct is the cause of Wheller's damages.

38.     Defendant acted with actual malice, entitling Wheller to punitive damages and her attorney's fees and costs.

## COUNT II
### DISABILITY DISCRIMINATION
**Pursuant to the Americans with Disabilities Act**

39.     Wheller re-alleges each allegation set forth in paragraphs 1-38 above.

40.     Wheller is disabled within the meaning of the Americans with Disabilities Act, 42 U.S.C. Sections 12101, *et seq*.

41.     In violation of the Americans with Disabilities Act, 42 U.S.C. Sections 12101, *et seq*., Defendant discriminated against Wheller because of her disability, her record of being disabled, or because of perceived disabilities.

42.     Wheller was qualified for her job.

43.     Wheller could perform the essential functions of her job with a reasonable accommodation.

44.     Wheller suffered an adverse employment action when Defendant refused to reasonably accommodate her disability and then terminated her employment.

45.     Wheller has been damaged by Defendant's disability discrimination.

46.     Defendant's conduct is the cause of Wheller's damages.

47.     Wheller is entitled to her attorney's fees and costs pursuant to the Americans with Disabilities Act, as amended.

## COUNT III
## FAMILY AND MEDICAL LEAVE ACT RETALIATION

48.     Wheller re-alleges each allegation set forth in paragraphs 1-48 above.

49.     In violation of the Family and Medical Leave Act, Defendant retaliated against Wheller by terminating her employment because she sought leave under the FMLA.

50.     Wheller was engaged in FMLA protected activity by seeking leave under the FMLA.

51.     Defendant knew that Wheller was exercising FMLA rights by seeking leave.

52.     Wheller suffered an adverse employment action by being terminated by Defendant.

53.     There is a causal connection between Wheller's FMLA protected activity and the termination of her employment.

54.     Wheller has been damaged by Defendant's retaliation.

55.     Defendant's conduct is the cause of Wheller's damages.

56.     Defendant acted willfully in violating the FMLA.

57.     Wheller is entitled to liquidated damages and her attorney's fees and costs.

## COUNT IV
## FMLA INTERFERENCE

58.     Wheller re-alleges each allegation set forth in paragraphs 1-57 above.

59.    Wheller was entitled to take leave pursuant to the FMLA.

60.    Wheller told Defendant that she intended to take FMLA leave.

61.    In violation of the FMLA, Defendant denied Wheller the benefits of leave under the FMLA by terminating her employment shortly after she took such leave.

62.    There is a causal connection between Wheller's FMLA protected activity and Defendant's interference with her FMLA protected activity.

63.    Wheller has been damaged by Defendant's interference.

64.    Defendant's conduct is the cause of Wheller's damages.

65.    Defendant acted willfully in violating the FMLA.

66.    Wheller is entitled to liquidated damages and her attorney's fees and costs.

WHEREFORE, Wheller demands judgment against Defendant for her lost wages, reinstatement or front pay, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2020, the foregoing was filed via this Court's electronic filing system, which shall serve notice upon counsel for Defendant.

/s/ Christopher M. Sams



112372899

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

LUCILLE WHELLER
    Plaintiff

Case No: CV-19-916580

Judge: NANCY A FUERST

UNIVERSITY HOSPITALS HEALTH SYSTEM
    Defendant

## JOURNAL ENTRY

PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE INSTANTER A FIRST AMENDED COMPLAINT, FILED
02/05/2020, IS GRANTED. PLTF TO FILE AMENDED COMPLAINT ON OR BEFORE 2/14/2020.

*Nafuerst*

Judge Signature           02/06/2020



02/06/2020

RECEIVED FOR FILING
02/06/2020 12:25:21
NAILAH K. BYRD, CLERK

Page 1 of 1



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**AMENDED COMPLAINT $75**
**February 6, 2020 12:46**

By: CHRISTOPHER M. SAMS 0093713

Confirmation Nbr. 1936583

LUCILLE WHELLER                                        CV 19 916580

    vs.

UNIVERSITY HOSPITALS HEALTH SYSTEM          **Judge:** NANCY A. FUERST

**Pages Filed:** 8



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| LUCILLE WHELLER | ) | CASE NO.: CV-19-916580 |
| | ) | |
| Plaintiff, | ) | JUDGE: NANCY A. FUERST |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH | ) | |
| SYSTEM, INC. | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Lucille Wheller ("Wheller") alleges as follows for her First Amended Complaint

against Defendant University Hospitals Health System, Inc. ("Defendant"):

1. Wheller worked for Defendant in Cuyahoga County, Ohio.

2. Defendant conducted business in Cuyahoga County, Ohio.

3. This Court has subject matter and personal jurisdiction over the claims raised in

this Complaint.

4. Venue is proper in Cuyahoga County, Ohio.

5. Wheller has suffered damages in excess of $50,000.

6. Wheller has hired the undersigned counsel and has agreed to pay them reasonable

attorney's fees and costs if they are successful on one or more of the claims set forth herein.

7. Wheller worked for Defendant as a Clinical Application Analyst from July 2016

until Defendant terminated her employment in March 2019.

8. Wheller suffers from physical impairments that substantially limit one or more

major life activities.

9. Defendant was aware of Wheller's disabilities.

10.     Wheller has a record of physical impairments.

11.     Defendant regarded Wheller as having physical impairments.

12.     Wheller was qualified for her job as a Clinical Application Analyst.

13.     Wheller required a knee replacement surgery and a second surgery to repair her ACL.  She also broke her ulna and tore numerous ligaments, which required reconstructive surgery to repair her elbow and ligaments.

14.     Wheller could perform the essential functions of her job as a Clinical Application Analyst with the reasonable accommodation of her being permitted a short leave of absence due to her disabilities and by Defendant holding her job open for her during this leave.

15.     Wheller requested a short leave due to her disabilities through the Family and Medical Leave Act.

16.     Wheller requested these accommodations in about December 2018.

17.     Wheller was eligible for FMLA leave.

18.     Less than one week after Wheller informed Defendant that she would need a short leave of absence, Defendant put her on a Performance Improvement Plan ("PIP").

19.     Defendant put Wheller on this PIP because she requested a short leave of absence due to her physical impairments.

20.     For her knee replacement, Wheller requested a twelve-week leave of absence, but Defendant told her that it would not accommodate such a leave because she had been hospitalized in February 2018 for pancreatitis, which required Wheller to take about two weeks of leave.

21.     Wheller's Manager, Michelle Bambauer ("Bambauer"), also told Wheller that she was worried that Wheller "wouldn't be able to keep up when coming back from leave" and that they had concerns that Wheller would "not remember her job" after twelve weeks of leave.

22.     Defendant denied certain requests for leave that Wheller made due to her physical impairments.

23.     Defendant also told Wheller that they would refuse to provide her with any leave of absence if she requested to have it during a "GoLive," which was an event scheduled for April 5, 2019.

24.     Defendant terminated Wheller's employment on March 4, 2019.

25.     While terminating her, Bambauer explicitly told Wheller that her employment was being terminated "due to all of [her] afflictions."

26.     Defendant retaliated against Wheller for taking a short leave of absence.

27.     Defendant terminated Wheller's employment because of her disabilities and because she requested and took FMLA leave due to her disabilities.

28.     Wheller filed a Charge of Discrimination with the U.S. Equal Employment Opportunity alleging disability discrimination.

29.     Wheller received a Right to Sue letter from the EEOC and filed a lawsuit within 90 days of receiving her Right to Sue Letter.  Defendant has agreed not to assert any defenses that Plaintiff's ADA claims are not timely filed.

### COUNT I
### DISABILITY DISCRIMINATION
### Pursuant to the Ohio Revised Code

30.     Wheller re-alleges each allegation set forth in paragraphs 1-29 above.

31.     Defendant terminated Wheller's employment because of her disabilities, because of her record of being disabled, or because Defendant perceived Wheller as disabled.

32.     In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendant discriminated against Wheller because of her disability, because of her record of being disabled, or because of perceived disabilities.

33.     Wheller was qualified for her job.

34.     Wheller could perform the essential functions of her job with a reasonable accommodation.

35.     Wheller suffered an adverse employment action when Defendant refused to reasonably accommodate her disability and then terminated her employment.

36.     Wheller has been damaged by Defendant's disability discrimination.

37.     Defendant's conduct is the cause of Wheller's damages.

38.     Defendant acted with actual malice, entitling Wheller to punitive damages and her attorney's fees and costs.

## COUNT II
### DISABILITY DISCRIMINATION
**Pursuant to the Americans with Disabilities Act**

39.     Wheller re-alleges each allegation set forth in paragraphs 1-38 above.

40.     Wheller is disabled within the meaning of the Americans with Disabilities Act, 42 U.S.C. Sections 12101, *et seq*.

41.     In violation of the Americans with Disabilities Act, 42 U.S.C. Sections 12101, *et seq*., Defendant discriminated against Wheller because of her disability, her record of being disabled, or because of perceived disabilities.

42.     Wheller was qualified for her job.

43.     Wheller could perform the essential functions of her job with a reasonable accommodation.

44.      Wheller suffered an adverse employment action when Defendant refused to reasonably accommodate her disability and then terminated her employment.

45.      Wheller has been damaged by Defendant's disability discrimination.

46.      Defendant's conduct is the cause of Wheller's damages.

47.      Wheller is entitled to her attorney's fees and costs pursuant to the Americans with Disabilities Act, as amended.

## COUNT III
## FAMILY AND MEDICAL LEAVE ACT RETALIATION

48.      Wheller re-alleges each allegation set forth in paragraphs 1-48 above.

49.      In violation of the Family and Medical Leave Act, Defendant retaliated against Wheller by terminating her employment because she sought leave under the FMLA.

50.      Wheller was engaged in FMLA protected activity by seeking leave under the FMLA.

51.      Defendant knew that Wheller was exercising FMLA rights by seeking leave.

52.      Wheller suffered an adverse employment action by being terminated by Defendant.

53.      There is a causal connection between Wheller's FMLA protected activity and the termination of her employment.

54.      Wheller has been damaged by Defendant's retaliation.

55.      Defendant's conduct is the cause of Wheller's damages.

56.      Defendant acted willfully in violating the FMLA.

57.      Wheller is entitled to liquidated damages and her attorney's fees and costs.

## COUNT IV
## FMLA INTERFERENCE

58.      Wheller re-alleges each allegation set forth in paragraphs 1-57 above.

59. Wheller was entitled to take leave pursuant to the FMLA.

60. Wheller told Defendant that she intended to take FMLA leave.

61. In violation of the FMLA, Defendant denied Wheller the benefits of leave under the FMLA by terminating her employment shortly after she took such leave.

62. There is a causal connection between Wheller's FMLA protected activity and Defendant's interference with her FMLA protected activity.

63. Wheller has been damaged by Defendant's interference.

64. Defendant's conduct is the cause of Wheller's damages.

65. Defendant acted willfully in violating the FMLA.

66. Wheller is entitled to liquidated damages and her attorney's fees and costs.

WHEREFORE, Wheller demands judgment against Defendant for her lost wages, reinstatement or front pay, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2020, the foregoing was filed via this Court's electronic filing system, which shall serve notice upon counsel for Defendant.

/s/ Christopher M. Sams

**Shelley, Inna**

| | |
|---|---|
| **From:** | CLERK_E-NOTICE@CUYAHOGACOUNTY.US |
| **Sent:** | Thursday, February 6, 2020 1:33 PM |
| **To:** | Shelley, Inna |
| **Subject:** | Cuyahoga County Clerk of Courts E-Service Notification |

[EXTERNAL E-MAIL]

This E-Notice is being sent to you because you were identified as an active attorney of record on this case. If you no longer represent the defendant or a party in this matter or if you believe that you received this notice in error, please take the appropriate actions to be removed as the attorney of record from the case or contact the Clerk of Courts to update the case record.  If you have questions concerning the content of this E-Notice, please contact the assigned courtroom before appearing for a proceeding or for additional information.

This is an automated notification.  Please DO NOT REPLY to this E-Mail.
This E-Mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please destroy all copies of this original E-Mail message.

-------------------------------------------------------------------------------

To: INNA SHELLEY (0085719)
Case: CV-19-916580
Case Status: ACTIVE
Case Caption: LUCILLE WHELLER vs. UNIVERSITY HOSPITALS HEALTH SYSTEM
Judge: NANCY A FUERST

Docket Date: 02/06/2020
Docket Type:  COMPLAINT
Docket Description: AMENDED COMPLAINT $75 PLAINTIFF'S FIRST AMENDED COMPLAINT
Filing Party: CHRISTOPHER M. SAMS  (D1)

The above E-Filing has been accepted by the Cuyahoga County Clerk of Courts.  This E-Mail is a notification of a filing on this case.  Please log into your E-Filing account at https://efiling.cp.cuyahogacounty.us and go to your E-Service screen to view the filing.

If you do not have an E-Filing account you may see a copy of the filing in person at the Clerk of Courts public access terminals or go to http://coc.cuyahogacounty.us/en-US/efiling.aspx to sign up for your E-Filing account.

If the filing image is incomplete please contact E-Filing support at (216) 698-8682 OR EFILE_SUPPORT@CUYAHOGACOUNTY.US.  The coversheet of the filing image displays how many pages there are in the filing (not including the coverpage).



1

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| LUCILLE WHELLER, | : | |
| Plaintiff, | : | Case No. CV-20-927614 |
| | : | |
| v. | : | Judge Brendan J. Sheehan |
| | : | |
| UNIVERSITY HOSPITALS HEALTH | : | **NOTICE OF FILING NOTICE OF** |
| SYSTEM, | : | **REMOVAL OF CIVIL ACTION TO** |
| | : | **UNITED STATES DISTRICT COURT** |
| Defendant. | : | |
| | : | |
| | : | |

Please take notice that, on February 7, 2020, Defendant University Hospitals Health System, Inc. filed in the United States District Court for the Northern District of Ohio its Notice of Removal of Civil Action to said District Court. A copy of the Notice of Removal is attached hereto as Exhibit 1 for filing with this Court.

Please take further notice that, pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United States District Court, together with the filing of the copy of the Notice of Removal with this Court, effects the removal of this Action, and this Court may proceed no further unless and until the case is remanded.



Respectfully submitted,

/s/ *Inna Shelley*
_____
James P. Smith (0073945)
Inna Shelley (0085719)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH  44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
jpsmith@littler.com
ishelley@littler.com

Attorneys for Defendant,
UNIVERSITY HOSPITALS HEALTH
SYSTEM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2020, a copy of the foregoing *Notice of Filing Notice of Removal of Civil Action to United States District Court* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. I further hereby certify that a true copy of the foregoing *Notice of Filing Notice of Removal of Civil Action to United States District Court* was served upon Counsel for Plaintiff: Stephan I. Voudris and Christopher M. Sams, Voudris Law LLC, 8401 Chagrin Road, Suite 8, Chagrin Falls, OH 44023, svoudris@voudrislaw.com and csams@voudrislaw.com, via email delivery.

*/s/ Inna Shelley*
Inna Shelley

One of the Attorneys for Defendant,
UNIVERSITY HOSPITALS HEALTH
SYSTEM, INC.

4820-3766-1876.1 089661.1010

3